UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARRENCE WOODARD, | No. 2:25-cv-2433 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a
4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         Before the court could screen plaintiff's complaint, plaintiff filed an amended complaint.
9   Good cause appearing, the court finds that the amended complaint supersedes the original so the
10  court will screen the amended complaint.

11        Plaintiff is a prisoner at the California Health Care Facility (CHCF) in Stockton.  He
12  complains about contaminated water and noxious odors caused by a landfill near CHCF owned
13  by a private entity.  He sues San Joaquin County and the California Department of Corrections
14  and Rehabilitation.

15        The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties
16  against a state or state agency unless the state or the agency consents to such suit.  See Quern v.
17  Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v.
18  Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California
19  has not consented to suit.  Accordingly, plaintiff has no claim against CDCR for damages.

20        As for San Joaquin County, municipalities cannot be held vicariously liable under § 1983
21  for the actions of their employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694
22  (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its
23  lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts
24  the injury that the government as an entity is responsible under § 1983."  Id. at 694.  There is no
25  allegation that San Joaquin County ever owned the landfill at issue.   Further, plaintiff fails to
26  identify a San Joaquin County policy or custom that caused him injury.

27        With respect to any claim for injunctive relief, plaintiff fails to point to anything
28  reasonably suggesting he is currently suffering a violation of any right arising under federal law.

1   Plaintiff asserts he is being exposed to harmful chemicals via air and water, but plaintiff fails to
2   point to any evidence indicating as much rendering his layman allegations conclusory.
3       Because plaintiff fails to state a claim upon which he can proceed under federal law, he
4   cannot proceed on his amended complaint. The amended complaint must be dismissed. The
5   court will grant plaintiff an opportunity to state a claim upon which he can proceed in a second
6   amended complaint.
7       Along with the above, plaintiff is informed as follows as to the contents of his second
8   amended complaint:
9       1. Plaintiff cannot proceed on any claim arising under California law unless the court has
10  original jurisdiction. When the court has original jurisdiction, it may exercise supplemental
11  jurisdiction over state law claims. See 18 U.S.C. § 1330 et seq.
12      2. "Customary international law" is not a source of judicially enforceable private rights in
13  the absence of a federal statute conferring jurisdiction over such claims. Serra v. Lappin, 600
14  F.3d 1191, 1197 (9th Cir. 2010).
15      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
16  make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended
17  complaint be complete in itself without reference to any prior pleading.
18      In accordance with the above, IT IS HEREBY ORDERED that:
19      1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
20      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees
21  shall be collected and paid in accordance with this court's order to the Director of the California
22  Department of Corrections and Rehabilitation filed concurrently herewith.
23      3. Plaintiff's amended complaint is dismissed.
24      4. Plaintiff is granted thirty days from the date of service of this order to file a second
25  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
26  of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear
27  the docket number assigned this case and must be labeled "Second Amended Complaint." Failure
28  /////

to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 8, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

wood2433.14